UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTATE OF AMIR ZAVIEH, A/K/A ALLEN ZAVIEH, DECEASED, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03286-KAW<br><br>**ORDER DENYING EX PARTE MOTION TO APPOINT PERSONAL REPRESENTATIVE OF THE ESTATE; DENYING MOTION TO EXTEND TIME TO SERVE**<br><br>Re: Dkt. No. 8, 9 |

On June 7, 2017, Plaintiff United States of America filed the instant complaint against Defendants Estate of Amir Zavieh ("Decedent's Estate") and Lisa Zavieh Martin for the collection of an outstanding civil penalty assessed against Amir Zavieh ("Decedent"). (Compl., Dkt. No. 1.) Defendant Martin was named as a defendant in her capacity as the executor of Decedent's Estate. (Compl. ¶ 2.)

On August 28, 2017, Plaintiff filed an amended complaint against Decedent's Estate and Defendant Martin. Defendant Martin was named as a defendant as the fraudulent transferee of Decedent, as well as in her capacity as the successor-in-interest of Decedent's Estate. (First Amended Compl. ¶ 2, Dkt. No. 7.) Plaintiff concurrently filed an ex parte motion to appoint Defendant Martin as the personal representative of Decedent's Estate, as well as an ex parte motion to extend time to effectuate service by 90 days. (Mot. to Appoint, Dkt. No. 9; Mot. to Extend Time, Dkt. No. 8.) In the motion to appoint, Plaintiff states that no probate proceedings were ever commenced as to Decedent's Estate, and no executor was ever appointed. (Mot. to Appoint at 2.) No oppositions to the motions were filed.[1]

---

[1] It is not clear if Defendant Martin has been served; Plaintiff asserts that no defendants have been served, but also states that counsel for Defendant Martin returned a waiver of the service of

The Court finds that it lacks the authority to appoint Defendant Martin as the personal representative of Decedent's Estate under the probate exception. "Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of one acting in a representative capacity to sue is determined by the law of the state where the court is located." *Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 897 (C.D. Cal. 2014). Per California Probate Code § 8400(a), "[a] person has no power to administer the estate until the person is appointed personal representative and the appointment becomes effective. Appointment of a personal representative becomes effective when the person appointed is issued letters." Courts, in turn, have found that the issuance of letters of administration and appointment of personal representatives falls within the probate exception, which is the "jurisdictional limit on federal courts that 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate . . . .'" *Hollander v. Irrevocable Trust Established by James Brown in August 1, 2000*, No. CV 10-7249 PSG (AJWx), 2011 WL 2604821, at *2 (C.D. Cal. June 30, 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).)

In *Hassanati*, the plaintiffs made claims under the Death on the High Seas Act, which required that claims be asserted by the personal representatives of the decedents. 51 F. Supp. 3d at 890. The plaintiffs then moved for an order appointing them personal representatives of the decedents. *Id.* at 891. The district court denied the motion, explaining that "appointment of personal representatives falls squarely within the probate exception." *Id.* at 896; *see also Sequoia Prop. and Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044-LJO, 2002 WL 32388132, at *3 (E.D. Cal. June 3, 2002) ("the Government seeks this Court's appointment of Mr. Crisp as Mrs. Crisp's personal representative. However, a state probate court, not a federal court, is empowered to make such an appointment. [Citations.] The Government cites no authority . . . for this Court to appoint Mr. Crisp as personal representative"); *Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 Fed. Appx. 620, 622 (9th Cir. 2016) ("The district court correctly determined that appointment of a personal representative falls within the probate exception because it, essentially,

---

summons on behalf of Defendant Martin, although it was unclear in what capacity Defendant Martin waived service. (Mot. to Extend Time at 2.)

1  seeks that a court issue letters of administration"); *Bachtel v. Barker*, Case No. 1:15-cv-434, 2015
2  WL 4761449, at *5 (S.D. Ohio Aug. 13, 2015) ("A federal court lacks jurisdiction to appoint or
3  remove a personal representative"); *Wilson v. Sundstrand Corp.*, Nos. 99 D 6944, 99 C 6946, 2002
4  WL 99745, at *4 (N.D. Ill. Jan. 25, 2002) ("A federal courtlacks the authority to appoint a special
5  administrator); William W. Schwarzer, *et al.*, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 2:1699
6  (The Rutter Group 2017) ("The probate exception prohibits federal courts from exercising
7  jurisdiction over property in the possession of fiduciaries appointed by a state court. This includes
8  removal and/or appointment of a personal representative of the decedent's estate because this
9  clearly would interfere with administration of the estate"). Applying the probate exception to the
10 instant case, the Court likewise concludes that it lacks the authority to appoint Defendant Martin
11 as a personal representative or issue letters of administration.

12 The cases cited by Plaintiff do not require a contrary conclusion because none of those cases involved the appointment of a personal representative. (Mot. to Appoint at 3.) Rather, those cases involved the *substitution* of parties under Federal Rule of Civil Procedure 25. Here, however, Plaintiff does not seek to substitute Defendant Martin in place of Decedent's Estate; Plaintiff would have Decedent's Estate remain a party to the case, which would then be represented by Defendant Martin. As discussed above, the Court lacks the authority to make such an appointment.

19 The Court therefore DENIES Plaintiff's motion to appoint Defendant Martin as the personal representative of Decedent's Estate. The Court also DENIES Plaintiff's motion to extend time for service, as Plaintiff's purpose in requesting the extension of time was "[t]o ensure that the Court has time to consider the United States' motion [to appoint counsel]." Because the motion to appoint is being denied, the motion to extend time for service is moot.

IT IS SO ORDERED.

Dated: September 11, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3