UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-cv-03286-KAW |
| Plaintiff, | |
| v. | **ORDER REQUIRING SUPPLEMENTAL BRIEFING** |
| ESTATE OF AMIR ZAVIEH, A/K/A ALLEN ZAVIEH, DECEASED, et al., | Re: Dkt. No. 18 |
| Defendants. | |

On June 7, 2017, Plaintiff United States of America filed the instant complaint against Defendants Estate of Amir Zavieh ("Decedent's Estate") and Lisa Zavieh Martin for the collection of an outstanding civil penalty assessed against Amir Zavieh ("Decedent"). (Compl., Dkt. No. 1.) Defendant Martin was named as a defendant in her capacity as the executor of Decedent's Estate. (Compl. ¶ 2.)

On August 28, 2017, Plaintiff filed an amended complaint against Decedent's Estate and Defendant Martin. Defendant Martin was named as a defendant as the fraudulent transferee of Decedent, as well as in her capacity as the successor-in-interest of Decedent's Estate. (First Amended Compl. ¶ 2, Dkt. No. 7.) Plaintiff concurrently filed an ex parte motion to appoint Defendant Martin as the personal representative of Decedent's Estate, as well as an ex parte motion to extend time to effectuate service by 90 days. (Mot. to Appoint, Dkt. No. 9; Mot. to Extend Time, Dkt. No. 8.)

On September 11, 2017, the Court denied Plaintiff's motion to appoint Defendant Martin as the personal representative under the probate exception. (Dkt. No. 16 at 2.) The Court also denied Plaintiff's motion to extend time to effectuate service as moot, as Plaintiff had requested the extension of time in order to give time for the Court to decide the motion to appoint. (*Id.* at 3.)

On September 25, 2017, Plaintiff filed an ex parte motion for administrative relief to deem service completed or, in the alternative, to reconsider the motion to extend time for service and to allow service by publication. (Dkt. No. 18.)

The Court requires supplemental briefing on Plaintiff's ex parte motion. First, it is not clear to the Court why Plaintiff does not seek to substitute Defendant Martin for the Estate. *See Sequoia Prop. & Equip. Ltd. P'ship v. United States of America*, No. CV-F-97-5044-LJO, 2002 WL 32388132, at *2 (E.D. Cal. June 3, 2002) ("An executor or administrator, or distributee of a distributed estate are proper parties for substitution of a deceased party"). In *Sequoia Prop.*, the district court noted that "[a]n order of substitution is prerequisite to obtain a judgment against a deceased party's estate," yet it does not appear Plaintiff is seeking an order of substitution, despite having identified Defendant Martin as the sole distributee of the estate. *Id.* at *3; *see also* William W. Schwarzer, *et al.*, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 7:364 (The Rutter Group 2017) ("An order of substitution is prerequisite to obtaining a judgment against a deceased party's estate").

Indeed, many of the cases cited by Plaintiff in support of the motion to appoint concerned motions to substitute under Federal Rule of Civil Procedure 25. *See Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (discussing proper parties for substitution of a deceased party); *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969) (requiring that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased under Rule 25); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716-17 (S.D.N.Y. 1993) (determining that the representative of the decedent's estate was the proper party to be substituted in the action); *In re Baycol Prods. Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2010) (applying Rule 25). Given that Plaintiff has previously been able to serve Defendant Martin in her individual capacity, obtaining a substitution would eliminate any need for service by publication.

Second, if Plaintiff does not intend to seek an order of substitution, the Court requires additional legal authority on why service on Defendant Martin constitutes service on the Estate. Plaintiff appears to rely upon *United States ex rel. Madany v. Petre*, Case No. 09-13693, 2015 WL 6667770 (E.D. Mich. Nov. 2, 2015), in which the district court found that service upon a

representative or successor of the estate constituted proper service of the estate. There, however, the district court relied upon the magistrate judge's conclusion that such service would be effective,[1] but did not explain what the magistrate judge's reasoning was beyond that the magistrate judge had used Federal Rule of Civil Procedure 25 "for guidance." *Id.* at *2. Thus, it is not clear how the magistrate judge concluded that service on a representative or successor of an estate constituted proper service of the estate, or why federal rules regarding substitution of parties relates to service. Again, substitution of Defendant Martin for the deceased party would seemingly resolve this problem because then, service on her would constitute service on the estate.

Third, with respect to Plaintiff's request to serve by publication in the San Francisco Daily Journal, Plaintiff must explain why publication in a legal newspaper is likely to give actual notice to anyone who may have an interest in the estate. In its motion, Plaintiff stated that the reasons supporting this proposed manner of publication were contained in the accompanying declaration of Attorney Bortnick, but the declaration does not appear to contain any explanation as to why the Daily Journal is an adequate publication; instead, the declaration focuses solely on Defendant Martin's relationship to the estate. (*See* Bortnick Decl., Dkt. No. 18-1.) Plaintiff must also explain whether it still requires an extension of time for service if its request to serve by publication is denied, and for what purpose.

Plaintiff's supplemental brief must be filed by **October 18, 2017**. Defendant Martin may file a responsive brief, if any, by **October 25, 2017**.

IT IS SO ORDERED.

Dated: October 6, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The district court noted that neither party had objected to the magistrate judge's conclusion that service upon the representative or successor of the estate constituted proper service of the estate. *Madany*, 2015 WL 6667770, at *4.

3