UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ESTATE OF AMIR ZAVIEH, A/K/A ALLEN ZAVIEH, DECEASED, et al.,<br>Defendants. | Case No. 17-cv-03286-KAW<br><br>**ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 24 |

On June 7, 2017, Plaintiff United States of America filed this action against Defendants Estate of Amir Zavieh ("Decedent's Estate") and Lisa Zavieh Martin for the collection of an outstanding civil penalty assessed against Amir Zavieh ("Decedent"). (Compl., Dkt. No. 1.) Defendant Martin was named as a defendant in her capacity as the executor of Decedent's Estate. (Compl. ¶ 2.)

On September 25, 2017, Plaintiff filed an ex parte motion for administrative relief to deem service completed or, in the alternative, to reconsider the motion to extend time for service and to allow service by publication. (Dkt. No. 18.) On October 6, 2017, the Court requested supplemental briefing on Plaintiff's ex parte motion, including on why Plaintiff was not seeking to substitute Defendant Martin for the Estate. (Dkt. No. 21.) The Court gave Plaintiff until October 18, 2017 to file a supplemental brief, and gave Defendant Martin until October 25, 2017 to file a response. (*Id.* at 3.) Upon request by Defendant Martin, the Court extended Defendant's response date to November 1, 2017. (Dkt. Nos. 22, 23.)

On October 18, 2017, Plaintiff filed its supplemental brief, stating that it "agrees that the proper defendant for the United States' claims against the Estate of Amir Zavieh, a/k/a Allen Zavieh, deceased, is Lisa Zavieh Martin, in her capacity as the distributee of the Estate." (Dkt.

No. 24 at 1-2.) Plaintiff requested to withdraw the motion to deem service completed and that the Court grant Plaintiff leave to file a second amended complaint naming Lisa Zavieh as a defendant in her capacity as the Estate's distributee, in addition to being named in her individual capacity and as a successor in interest. (*Id.* at 2.) The second amended complaint listed four causes of action: (1) judgment for civil penalty; (2) successor-in-interest liability; (3) 31 U.S.C. § 3713(b) liability, and (4) fraudulent transfer. (Dkt. No. 24-1 ¶¶ 27-58.)

On October 30, 2017, the Court found that Plaintiff had withdrawn the ex parte motion for administrative relief to deem service completed and terminated the motion. (Dkt. No. 26 at 2.) The Court also deemed Plaintiff's October 18, 2017 brief as a motion for leave to file the proposed amended complaint, and gave Defendant Martin until November 3, 2017 to stipulate to the filing of the proposed amended complaint or to file an opposition. (*Id.*)

On November 3, 2017, Defendant Martin filed a response to Plaintiff's supplemental brief, arguing that Defendant Martin could only be sued for fraudulent transfer, but not the remaining causes of action. (Dkt. No. 28 at 1.) Defendant Martin, however, cited no legal authority in support of her argument.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The courts consider five factors when determining whether leave to amend should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Not all factors carry equal weight. *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

Here, it appears Defendant Martin is arguing that the proposed amendment is futile. Again, however, Defendant Martin cites no legal authority in support of her assertion that

Defendant Martin cannot be sued for the first three proposed causes of action. Absent any legal authority, the Court cannot determine that the proposed amendment is in fact futile. This finding, of course, does not preclude Defendant Martin from filing a motion to dismiss.

Accordingly, the Court GRANTS Plaintiff's request for leave to file the proposed second amended complaint. Plaintiff is directed to file its proposed second amended complaint, which should be consistent with Exhibit A of the supplemental briefing, on the docket as a separate entry.

IT IS SO ORDERED.

Dated: November 8, 2017

KANDIS A. WESTMORE
United States Magistrate Judge